**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| **IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)** <br><br> **This Document Relates to:** <br><br> *Haywood Mitchell, individually and on behalf of the heirs and beneficiaries of Gloria Dean Pinkard v. Abbott Laboratories, et al.* <br><br> **Docket No.: 2:18-cv-6626** | **MDL No. 2789(CCC)(MF)** <br><br> **Case No.: 2:17-md-2789** |

## FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) n a m e d  b e l o w  file(s) this *First Amended Short Form Complaint and Demand f o r  J u r y  Trial* against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order No. 7.  Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiffs shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1.      Name of individual injured/deceased due to the use of PPI Product(s):  Gloria Dean Pinkard.

#9706206.4

2.      Consortium Claim(s):  The following individual(s) allege damages for loss of consortium:

Haywood Mitchell and all heirs and beneficiaries of the Gloria Dean Pinkard.

3.      Survival and/or Wrongful Death Claims:

   a.  Plaintiff, <u>Haywood Mitchell,</u> is filing this case in a representative capacity as the next

   of kin of the Estate of <u>Gloria Dean Pinkard</u>, deceased.

   b.  Survival Claim(s):  The following individual(s) allege damages for survival claims, as

   permitted under applicable state laws:  <u>Haywood Mitchell and all heirs and</u>

   <u>beneficiaries of Gloria Dean Pinkard.</u>

4.      As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering,

emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to have

been caused by the use of the PPI Products identified in Paragraph 10, below, but not limited to

the following:

   ___X___ injury to himself/herself

   ___X___ injury to the person represented

   ___X___ wrongful death

   ___X___ survivorship action

   ___X___ economic loss

   ___X___ loss of services

   ___X___ loss of consortium

   ___X___ other:    <u>other injuries not yet known or discovered</u>

   _____

**<u>Identification of Defendants</u>**

5.      Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that

apply):

☒    Abbott Laboratories

☒    AstraZeneca Pharmaceuticals LP

☒    AstraZeneca LP

☒    GlaxoSmithKline Consumer Healthcare Holdings (US) LLC

☒    GlaxoSmithKline Consumer Healthcare LP

☒    GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC

☒    Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation

☒    Novartis Corporation

☒    Novartis Pharmaceutical Corporation

☒    Novartis Vaccines and Diagnostics, Inc.

☒    Novartis Institutes for Biomedical Research, Inc.

☒    Novartis Consumer Health, Inc.

☒    Pfizer, Inc.

☒    The Procter & Gamble Company

☒    Procter & Gamble Manufacturing Company

☒    Takeda Pharmaceuticals USA, Inc.

☒    Takeda Pharmaceuticals America, Inc.

☒    Takeda Pharmaceuticals LLC

☒    Takeda Pharmaceuticals International, Inc.

☒    Takeda California, Inc.

☒    Takeda Development Center Americas, Inc. f/k/a Takeda Global   Research & Development Center, Inc.

☒    Takeda Pharmaceutical Company Limited

☒    TAP Pharmaceutical Products, Inc. f/k/a TAP Holdings Inc.

☒    Wyeth Pharmaceuticals, Inc.

☒    Wyeth-Ayerst Laboratories

☒    Wyeth LLC

☐    Other(s) Defendant(s) (please identify):

_____

_____

## JURISDICTION & VENUE

### Jurisdiction:

6.    Jurisdiction in this Short Form Complaint is based on:

☒    Diversity of Citizenship

☐    Other (The basis of any additional ground for jurisdiction must be pled in

sufficient detail as required by the applicable  Federal Rules of Civil Procedure). _____

_____

### Venue:

7.    District Court(s) in which venue was proper where you might have otherwise filed this

*First Amended Short Form Complaint* absent Case Management Order No. 7 entered by this

Court and/or to where remand could be ordered:  M.D. Ga._____

_____.

## CASE SPECIFIC FACTS

8.    Plaintiff(s) currently reside(s) in (City, State):  Columbus, GA

9.    To the best of Plaintiff's knowledge, Plaintiff/Decedent used PPI Product(s) during the

following time period:  for multiple and various years.

10.    Plaintiff/Decedent used the following PPI Products, for which claims are being asserted:

☒    Dexilant

☒    Nexium

☒    Nexium 24HR

☒    Prevacid

☒    Prevacid 24HR

☒    Prilosec

☒    Prilosec OTC

☒    Protonix

☐    Other (List All):

11.    The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products include, among others that will be set forth in Plaintiff's discovery responses and medical records:

☐    Acute Interstitial Nephritis (AIN)

☐    Acute Kidney Injury (AKI)

☒    Chronic Kidney Disease (CKD)

☐    End Stage Renal Disease (ESRD)

☐    Dialysis

☒    Death

☐    Other(s) (please specify):

 RAHS, and any other injuries yet to be discovered

12.    At the time of the Plaintiff's/Decedent's diagnosis of injury, Plaintiff/Decedent resided in (City, State): Columbus, GA.

**CAUSES OF ACTION**

13.    Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

14.    The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

    ☒    Count I:  Strict Product Liability

    ☒    Count II:  Strict Product Liability – Design Defect

    ☒    Count III:  Strict Product Liability – Failure to Warn

    ☒    Count IV:  Negligence

    ☒    Count V:  Negligence *Per Se*

    ☒    Count VI:  Breach of Express Warranty

    ☒    Count VII:  Breach of Implied Warranty

    ☒    Count VIII: Negligent Misrepresentation

    ☒    Count IX:  Fraud and Fraudulent Misrepresentation

    ☒    Count X:  Fraudulent Concealment

    ☒    Count XI:  Violation of State Consumer Protection Laws of the State(s) of:

 GA and throughout the United States                              .

    ☒    Count XII:  Loss of Consortium

    ☒    Count XIII:  Wrongful Death

    ☒    Count XIV:  Survival Action

    ☒    Furthermore, Plaintiff(s) assert(s) the following additional  theories and/or Causes of Action against Defendant(s) identified in  Paragraph five (5) above.  If Plaintiff(s) includes additional theories of  recovery, to the extent they require specificity in pleadings, the specific

facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure:

Design Defect, Failure to Test.

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long Form Complaint and Jury Demand*, as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated:   April 13, 2018.

Respectfully Submitted,

By:   /s/ E. Samuel Geisler
   E. Samuel Geisler (FL Bar No.: 83817)
   Sgeisler@awkolaw.com
   Neil D. Overholtz (FL Bar No.: 188761)
   Noverholtz@awkolaw.com
   Nathan C. Bess (FL Bar No.: 0051945)
   Nbess@awkolaw.com
   Aylstock, Witkin, Kreis & Overholtz, PLLC
   17 East Main Street, Suite 200
   Pensacola, FL 32502-5998
   Telephone: (850) 202-1010
   Fax: (850) 916-7449

*ATTORNEYS FOR PLAINTIFF*